UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA TURNER, | Case No. ED CV 17-1343-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

I.

INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She contends that the Administrative Law Judge ("ALJ") failed to provide clear and convincing reasons for rejecting her testimony about her carpal tunnel syndrome. For the reasons discussed below, the ALJ's decision is affirmed.

II.

SUMMARY OF PROCEEDINGS

In June 2013, Plaintiff applied for DIB and SSI, alleging that she had been disabled since June 2012, due to "degenerative joint, cervical spine disease." (Administrative Record ("AR") 166-76, 195.) She later reported hair loss, weight gain, pain on the bottom of her left heel, constant pain in her neck, and emotional stress. (AR 244, 260.) She claimed in addition that her "hands feel like electricity going through them [and her] fingers stay numb." (AR 260.) Her applications were denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. (AR 58-109, 125-28.) Following a hearing in November 2015, the ALJ issued a decision, finding that she was not disabled. (AR 11-22, 29-57.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-7.) This action followed.

III.

ANALYSIS

Plaintiff contends that the ALJ failed to provide adequate reasons for rejecting her testimony that she is unable to do anything that involves handling, fingering, feeling, pushing, or pulling, testimony which, if believed, would preclude all work. (Joint Stip. at 4-12.) For the following reasons, the Court concludes that the ALJ did not err.

ALJs are tasked with judging a claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In doing so, they can rely on "ordinary techniques of credibility evaluation." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Where there is no evidence of

malingering, however, they can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).[1]

Plaintiff testified that she suffers from pain in her neck that goes down her left arm and left side to her feet. (AR 41, 46.) She complained that her right hand "cramps up" when she writes and she gets tingling and numbness in her fingers. (AR 42, 44.) In a Function Report, Plaintiff explained that she has pain on the "whole left side" of her body and her "left hand cramps up [and] my index finger stay[s] numb." (AR 223.) She reported that she does not have the energy to do anything because of the pain. She also reported that she takes care of her son and her mother, cooking and driving when needed, with help from her daughter. (AR 224.) She explained that she is able to clean and do laundry, but has a hard time holding her 27-pound grandchild. (AR 225, 228.)

---

[1] In March 2016, after the ALJ issued his decision in this case, Social Security Ruling ("SSR") 16-3p went into effect. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). SSR 16-3p supersedes SSR 96-7p, the Agency's previous policy governing the evaluation of subjective symptoms. *Id*. at *1. Under 16-3p, ALJs were directed not to "assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus on the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." *Id*. at *10. Instead, ALJs "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." *Id*. at *2. The Ninth Circuit has explained, however, that this change is generally just stylistic and "does not alter the pre-existing standards in the Ninth Circuit for evaluating a claimant's symptom testimony." *Petersen v. Berryhill*, 2018 WL 3030775, at *1 n.1 (9th Cir. June 19, 2018) (citing *Trevizo*, 871 F.3d at 678 n.5).

In a Pain Questionnaire, Plaintiff reported that her pain is located in her "neck, shoulder leg/left side, hands." (AR 249.) She noted that she uses hand braces for carpal tunnel in both hands. (AR 250.) She explained further that she can do some errands without assistance, but she needs her daughter to go shopping with her to carry groceries. (AR 251.)

Despite this testimony, the ALJ determined that Plaintiff could engage in "frequent performance of manipulative activities" with both hands. (AR 16.) In doing so, the ALJ discounted Plaintiff's testimony because: (1) her daily activities were not consistent with an inability to work; (2) the lack of aggressive treatment suggested that her symptoms and limitations were not as severe as she alleged; (3) any positive objective findings did not support more restrictive functional limitations; and (4) no "reliable" medical report endorsed the extent of Plaintiff's alleged limitations. (AR 17-18.)

Generally speaking, these are valid reasons for questioning a claimant's testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (holding ALJ can consider claimant's ability to perform daily activities in assessing credibility); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding inconsistency between allegations of severe pain and conservative treatment was proper basis for discounting credibility); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting ALJ can consider objective medical evidence in determining credibility of claimant). Further, though the ALJ's conclusion that Plaintiff's daily activities undermine her testimony is not supported by substantial evidence, the rest of his reasons are.

The ALJ questioned Plaintiff's claim of extreme limitations due to her carpal tunnel syndrome in light of her ability to watch

4

television, take medication, drive, shop for groceries (with her daughter's help), clean, and do laundry. (AR 17.) The Court does not agree that these limited activities are inconsistent with her claimed inability to work. Watching television and taking medication are activities that would seem to involve very little use of the arms and hands. As for grocery shopping (with help), cleaning, and doing laundry, it is not clear from the record whether Plaintiff performed these chores all day long or whether she did so sporadically during the day or the week. As such, this is not a valid reason to discount Plaintiff's testimony.[2]

The ALJ's finding that Plaintiff did not receive aggressive treatment for carpal tunnel syndrome is supported by the record. (AR 17.) None of her doctors, including an orthopedic specialist she saw, recommended surgery for her carpal tunnel and she did not seek surgery for it on her own. It was reasonable, therefore, for the ALJ to conclude that if Plaintiff's carpal tunnel was so debilitating that it prevented her from lifting and writing that she would have sought out and received more aggressive treatment.

Plaintiff disagrees with this analysis. She points out that she took Norco and Vicodin for pain. But it appears from the records that she was prescribed these medications for her neck and back pain, not her carpal tunnel pain. (AR 310-12, 314, 316-17, 386.) Thus, the ALJ

---

[2] The Agency argues that Plaintiff's ability to perform daily activities shows that she must be exaggerating when she claims that she cannot use her hands. (Joint Stip. at 20.) But the ALJ did not rely on this argument when analyzing her credibility and, as such, the Court is not at liberty to do so here. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.") (citation omitted).

5

did not err in concluding that the lack of aggressive treatment undermined her claims of pain.

The ALJ also found that the objective evidence did not support more restrictive functional limitations, given the record evidence pertaining to carpal tunnel syndrome. (AR 18.) This finding is also supported by the record.

The evidence regarding carpal tunnel was limited and showed only a nerve conduction study revealing findings consistent with mild carpal tunnel syndrome in August 2013 and tenderness to palpation of both wrists in March 2015. (AR 18, 293, 361.) The majority of the treatment records, however, do not even list carpal tunnel in the diagnosis or treatment plan sections. (AR 371-72, 376, 380, 383, 388.)

Plaintiff argues that the ALJ failed to consider the positive Tinel's test at the consultative examination in February 2014. (Joint Stip. at 10.) Although the ALJ did not mention it when discussing the carpal tunnel evidence, he did mention it in the next paragraph when discussing the consultative examiner's objective findings. (AR 18.) He noted that, despite the positive Tinel's test, the consultative examiner concluded that Plaintiff was capable of frequent manipulative activities with both hands. (AR 18, 330, 332.) The examination also revealed no significant deformities, no tenderness, well-preserved fine and gross manipulations, negative Phalen's, no thenar muscle atrophy, intact range of motion of all digits, full abduction and adduction of the thumbs, ability to make a complete fist, and equal grip strength on both hands. (AR 330.) The ALJ was free to consider these records in evaluating Plaintiff's credibility. His finding that they did not support her claims is supported by the record.

Finally, the ALJ discounted Plaintiff's credibility because he found "no reliable medical source statement from any physician endorsing the extent of [Plaintiff's] alleged functional limitations." (AR 17.) This justification is also supported by substantial evidence.

Plaintiff's treating physician, Dr. Symonett, is the only doctor to have opined that Plaintiff's carpal tunnel syndrome severely limited her ability to function. He found that she was unable to reach overhead, handle, finger, feel, push, or pull with her right hand. (AR 354-59.) The ALJ discounted Dr. Symonett's opinion because he found that these limitations were not consistent with the doctor's objective findings. (AR 18-19.) Plaintiff has not challenged the ALJ's rejection of this opinion. Absent Dr. Symonett's opinion, there is no medical opinion that supports Plaintiff's claim of disabling pain.

In the end, all but one of the reasons cited by the ALJ are supported by the record. And these remaining reasons are sufficient to uphold the ALJ's finding on credibility. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding error is harmless if substantial evidence remains to support the ALJ's credibility finding).

IV.

CONCLUSION

For the reasons set forth above, the Agency's decision that Plaintiff is not disabled is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: September 7, 2018

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\TURNER, F 1343\Memo Opinion.wpd